Max Moskowitz (MM 5866)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036
Telephone: (212) 382-0700

K. Tom Kohan (CA BAR NO. 225420) (Pro Hac Vice Application Pending)
KOHAN LAW FIRM
445 S. Figueroa Street, 27th Floor
Tel: 310-349-1111
Fax: 213-612-7715
Email: tom@kohanlawfirm.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MILANO MANHATTAN, LTD.,<br><br>            Plaintiff,<br><br>against.<br><br>FILENE'S BASEMENT, INC., RETAIL VENTURES, INC. and NYCAL, INC., D/B/A SERENADE,,<br><br>            Defendants. | Civil Action No.:  07 CIV 8011<br><br>**ANSWER OF DEFENDANTS FILENE'S BASEMENT, INC., RETAIL VENTURES, INC. and NYCAL INC. D/B/A SERENADE TO PLAINTIFF'S COMPLAINT**<br><br>[Concurrently Filed with Third Party Claim of NYCAL, INC.] |

    COME NOW,  defendants FILENE'S BASEMENT, INC. ("FILENE'S"), RETAIL VENTURES, INC. ("RETAIL VENTURES), NYCAL, INC. D/B/A SERENADE ("NYCAL"), collectively referred to as "Defendants," for themselves and themselves only, unless otherwise expressly indicated, and answer the Complaint of plaintiff MILANO MANHATTAN, LTD. ("Plaintiff" or "MILANO"), as follows:

    1.    Answering paragraph 1 of the Complaint, Defendants admit the allegations in paragraph 1.

2. Answering paragraph 2 of the Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein.

3. Answering paragraph 3 of the Complaint, Defendants admit the allegations therein.

4. Answering paragraph 4 of the Complaint, Defendants admit the allegations therein.

5. Answering paragraph 5 of the Complaint, NYCAL admits the allegations therein. RETAIL VENTURES and FILENE'S lack sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein.

6. Answering paragraph 6 of the Complaint, Defendants admit the allegations therein so far as the allegations pertain to this Court's personal jurisdiction over Defendants. Defendants otherwise deny commission of any tortious acts or otherwise wrongdoing.

7. Answering paragraph 7 of the Complaint, Defendants admit the allegations therein.

8. Answering paragraph 8 of the Complaint, Defendants admit the allegations therein.

9. Answering paragraph 9 of the Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein.

10. Answering paragraph 10 of the Complaint, Defendants admit that Exhibit B purports to be a copyright registration issued to MILANO. Defendants lack sufficient

information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein.

11. Answering paragraph 11 of he Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein.

12. Answering paragraph 12 of the Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein.

13. Answering paragraph 13 of the Complaint, Defendants deny the allegations therein.

14. Answering paragraph 14 of the Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein.

15. Answering paragraph 15 of the Complaint, FILENE'S and RETAIL VENTURES lack sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein. Answering paragraph 15 of the Complaint, NYCAL denies that it designed any blouses which are identical or strikingly similar to MILANO's. NYCAL denies that it infringed upon any of MILANO's rights.

16. Answering paragraph 16 of the Complaint, Defendants deny that they have infringed upon MILANO's rights.

17. Answering paragraph 17 of the Complaint, NYCAL lack sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein. FILENE's and RETAIL VENTURES admit that RETAIL

{00882236.1}

VENTURES is the parent company of FILENE's but deny that RETAIL VENTURES had knowledge of any alleged wrongful acts.

18. Answering paragraph 18 of the Complaint, NYCAL lacks sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein. FILENE'S and RETAIL VENTURES admit the allegations therein.

19. Answering paragraph 19 of the Complaint, Defendants admit that Exhibit C and D are color photographs of certain garments depicting the "Serenade" label. Defendants lack sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein.

20. Answering paragraph 20 of the Complaint, NYCAL admits that the garments depicted in Exhibits C and D contain the RN number. NYCAL also admits that it does business under the name "Serenade". FILENE'S and RETAIL VENTURES lack sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein.

21. Answering paragraph 21 of the Complaint, Defendants deny any wrongdoing. Defendants lack sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein.

22. Answering paragraph 22 of the Complaint, Defendants deny the allegations therein.

23. Answering paragraph 23 of the Complaint, Defendants incorporate their responses above, as if fully set forth herein in their entirety.

24. Answering paragraph 24 of the Complaint, NYCAL and RETAIL VENTURES lack sufficient information or knowledge to admit or deny the allegations therein, and on that

basis, deny each and every allegation set forth therein. FILENE'S denies the allegations in paragraph 24.

25.  Answering paragraph 25 of the Complaint, NYCAL and RETAIL VENTURES lack sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein. Admitting no wrongdoing FILENE'S, admits the allegations in paragraph 25 and states that no authority or license was needed.

26.  Answering paragraph 26 of the Complaint, FILENE'S and RETAIL VENTURES lack sufficient information at this time to admit or deny the allegations therein. The term "profit" is ambiguous. FILENE's and RETAIL VENTURES, admitting no wrongdoing, deny that unless enjoined they will use or otherwise profit from the allegedly infringing design. NYCAL lacks sufficient information or knowledge to admit or deny the allegations therein, and on that basis, denies each and every allegation set forth therein.

27.  Answering paragraph 27 of the Complaint Defendants deny any violationof MILANO's rights.

28.  Answering paragraph 28 of the Complaint, FILENE'S and RETAIL VENTURES deny the allegations therein. NYCAL lacks sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein.

29.  Answering paragraph 29 of the Complaint, FILENE'S and RETAIL VENTURES deny the allegations therein. NYCAL lacks sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein.

30. Answering paragraph 30 of the Complaint, FILENE'S and RETAIL VENTURES deny the allegations therein. NYCAL lacks sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein.

31. Answering paragraph 31 of the Complaint, Defendants incorporate their responses above, as if fully set forth herein in their entirety.

32. Answering paragraph 32 of the Complaint, RETAIL VENTURES and FILENE'S deny the allegations therein. NYCAL lacks sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein.

33. Answering paragraph 33 of the Complaint, RETAIL VENTURES and FILENE'S deny the allegations therein. NYCAL lacks sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein.

34. Answering paragraph 34 of the Complaint, RETAIL VENTURES and FILENE'S deny the allegations therein. NYCAL lacks sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein.

35. Answering paragraph 35 of the Complaint, RETAIL VENTURES and FILENE'S deny the allegations therein. NYCAL lacks sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein.

36. Answering paragraph 36 of the Complaint, RETAIL VENTURES and FILENE'S deny the allegations therein. NYCAL lacks sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein.

37. Answering paragraph 37 of the Complaint, Defendants incorporate their responses above, as if fully set forth herein in their entirety.

38. Answering paragraph 38 of the Complaint, NYCAL denies the allegations therein. FILENE'S and RETAIL VENTURES lack sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein.

39. Answering paragraph 39 of the Complaint, NYCAL, denying any wrongdoing, states that no license from MILANO was needed. FILENE'S and RETAIL VENTURES lack sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein.

40. Answering paragraph 40 of the Complaint, NYCAL lacks sufficient information at this time to admit or deny the allegations therein. The term "profit" is ambiguous. NYCAL, admitting no wrongdoing, denies that unless enjoined they will use or otherwise profit from the allegedly infringing design. FILENE'S and RETAIL VENTURES lack sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein.

41. Answering paragraph 41 of the Complaint Defendants deny any violation of MILANO's rights.

42. Answering paragraph 42 of the Complaint, NYCAL denies the allegations therein. FILENE'S and RETAIL VENTURES lack sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein.

43. Answering paragraph 43 of the Complaint, NYCAL denies the allegations therein. FILENE'S and RETAIL VENTURES lack sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein.

44. Answering paragraph 44 of the Complaint, NYCAL denies the allegations therein. FILENE'S and RETAIL VENTURES lack sufficient information or knowledge to admit or deny the allegations therein, and on that basis, deny each and every allegation set forth therein.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

45. Defendants allege that the Complaint does not state facts sufficient to constitute a cause of action against Defendants.

SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

46. Defendants allege that plaintiff is barred from obtaining any relief under its Complaint, or any of the claims for relief alleged therein, because Plaintiff lacks standing.

THIRD AFFIRMATIVE DEFENSE

(Fair Use)

47. .       Defendants allege that the Complaint is barred, in whole or in part, under the doctrine of fair use.

### FOURTH AFFIRMATIVE DEFENSE

(De Minimis Infringement)

48.     Defendants alleges that the Complaint, and each claim for relief therein, is barred, in whole or in part, under the doctrine of de minimis infringement.

### FIFTH AFFIRMATIVE DEFENSE

(Independent Creation)

49.     Defendants allege that the Complaint, and each claim for relief therein, is barred, in whole or in part, under the doctrine of independent creation.

### SIXTH AFFIRMATIVE DEFENSE

(Innocent Intent)

50.     Defendants allege that if Defendants infringed any copyright interest held by plaintiff, which Defendants deny, Defendants did so with innocent intent.

### SEVENTH AFFIRMATIVE DEFENSE

(Good Faith)

51.     Defendants allege that plaintiff is barred from obtaining any relief under its Complaint or any of the claims for relief therein, as Defendants, denying any alleged infringement, acted in good faith, pursuant to personal assurances and promises from third parties and without an intent to infringe.

### EIGHTH AFFIRMATIVE DEFENSE

(Selective Enforcement)

{00882236.1}

52.   Defendants allege that plaintiff has chosen to selectively enforce its purported copyright and has failed to actively pursue other third party infringers, thereby weakening plaintiff's copyright.

## NINTH AFFIRMATIVE DEFENSE

(Release of Claim)

53.   Defendants allege that plaintiff has released, settled, dismissed, disclaimed and/or discharged any claims, causes, and matters which are the subject of this action, in whole or in part, and by reason thereof, this action is barred or limited and the recovery requested must be denied.

## TENTH AFFIRMATIVE DEFENSE

(Comparative Fault- Damage Caused By Others)

54.   Defendants allege that the damages alleged in the Complaint, if any, were caused wholly or in part by the acts or omissions of persons, firms, corporations and/or entities other than Defendants. Therefore, plaintiff's recovery, if any, should be precluded or diminished in direct proportion to the comparative fault attributable to those persons,, firms, corporations and/or entities other than Defendants, whose acts or omissions proximately caused or contributed to the damages alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

(Comparative Fault- Damage Caused by Plaintiff)

55.   Defendants allege that the damages alleged in the Complaint, if any, were caused wholly or in part by the acts or omissions of plaintiff, its servants, employees, and/or agents. Therefore, plaintiff's recovery, if any, should be precluded or diminished in direct proportion to the comparative fault attributable to plaintiff.

TWELFTH AFFIRMATIVE DEFENSE

(Improper Registration)

56.     Defendants allege that plaintiff's registered copyrights were improperly issued by the U.S. Copyright Office in that said alleged copyrights are merely descriptive of plaintiff's images and said copyrights are not solely its property.

THIRTEENTH AFFIRMATIVE DEFENSE

(Claimed Registration Different from Work in Suit)

57.     Defendants allege that the copyright(s) pleaded in the Complaint do not purport to cover the images alleged to have been infringed.

FOURTEENTH AFFIRMATIVE DEFENSE

(Fraud in Procurement of Registration)

58.     Defendants allege that plaintiff's registered copyrights were granted by the U.S. Copyright Office in reliance upon statements made from plaintiff or plaintiff's representatives, which were false, misleading, or otherwise inaccurate, and therefore said registrations are null and void and of no effect.

FIFTEENTH AFFIRMATIVE DEFENSE

(Estoppel)

59.     Defendants allege that the Complaint is barred under the doctrine of estoppel.

SIXTEENTH AFFIRMATIVE DEFENSE

(Waiver)

60.     Defendants allege that the Complaint is barred under the doctrine of waiver.

SEVENTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

61. Defendants allege that the Complaint is barred under the doctrine of unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Laches and Acquiescence)

62. Defendants allege that the Complaint is barred under the doctrine of laches and acquiescence.

## NINETEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

63. Defendants allege that the Complaint and the action it is based upon, is barred by Section 507(b) of the Copyright Act of 1976.

## TWENTIETH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

64. Defendants allege that plaintiff, with full knowledge of its losses or damages, either as alleged in the Complaint, or at all, failed to make every reasonable effort to mitigate prevent and/or reduce such losses or damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(No Notice of Copyright)

65. Defendants allege that irrespective of plaintiff's alleged copyright in the work at issue, Defendants had incurred no liability for actual or statutory damages in that the authorized copy of the work at issue contained no copyright notice as provided by Section 401 (a) of Title 17 of the U.S. Code.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

{00882236.1}

(Noncompliance with Statutory Provisions)

66.     Defendants allege that plaintiff's alleged copyright is invalid in that failed to affix notice of the copyright to each of plaintiff's published works.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Failure to Condition Precedent to Suit-Lack of Deposit After Publication)

67.     Defendants allege that plaintiff's alleged copyright in the works at issue has not been property registered, and that there has been no compliance with the deposit requirements of Section 407 and 408 of Title 17 of U.S. Code. Accordingly, no action may be brought for infringement under Section 411 of Title 17 of the U.S. Code.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Abandonment of Copyright)

68.     Defendants allege that plaintiff does not have a copyright protecting the work(s) set forth in the Complaint because plaintiff has manifested an intent to abandon any copyright in such work(s) by affecting a general unrestricted distribution of the same without having affixed statutory notice of copyright thereto.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Consent)

69.     Defendants allege that plaintiff is barred from obtaining any relief under the Complaint, or any claim for relief alleged therein, because plaintiff consented to the alleged infringement by Defendants and/or any other potential party to this action.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Misuse)

70. Defendants allege that plaintiff is barred from obtaining any relief under the Complaint, or any claim for relief alleged therein, because plaintiff has engaged in anticompetitive conduct and other unlawful practices which constitute a misuse of its purported copyright.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Nonexclusive License)

71. Defendants allege that the Complaint and each claim for relief therein, must fail on the ground that Defendants had a nonexclusive license to use the purported copyright work(s).

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Ratification)

72. Defendants allege that any alleged improper acts by Defendants were ratified by plaintiff. Accordingly, plaintiff is barred from obtaining any relief under the Complaint, or any of the claims for relief alleged therein.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Absence of Damages)

73. Defendants allege that plaintiff is barred from obtaining any relief under the Complaint, or any of the claims alleged therein, as plaintiff has not suffered any damages.

### THIRTIETH AFFIRMATIVE DEFENSE

(Speculative Damages)

74. Defendants allege that plaintiff's damages are remote and speculative and are therefore barred.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Lack of Prejudice)

75.   Defendants allege that plaintiff is barred from recovering any relief under the Complaint, or any claims for relief alleged therein, because plaintiff was not prejudiced by Defendants's alleged conduct.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(Failure to Join Indispensable Parties)

76.   Defendants allege that plaintiff has failed to join indispensable parties.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Indispensable Third Parties Had License)

78.   Defendants allege that the Complaint, and each claim for relief therein, must fail on the ground that indispensable third parties had an exclusive and/or nonexclusive license to use the purported work(s).

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(No Punitive Damages - Due Process)

79.   Defendants allege that to the extent that plaintiff seeks punitive or exemplary damages, assertion of such damages would violate Defendants' rights to procedural due process, substantive due process, protection from "excessive fines" and other rights under the Constitution of the United States.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Res Judicata and Collateral Estoppel)

80.   Defendants allege that plaintiff's Complaint is barred by the doctrines of Res Judicata and/or Collateral Estoppel.

WHEREFORE, Defendants pray as follows:

1. That MILANO MANHATTAN, LTD. take nothing by its Complaint;

2. That the Complaint be dismissed with prejudice and that judgment be awarded in favor of Defendants;

3. That Defendants be awarded her reasonable attorney's fees herein;

4. That Defendants be awarded her costs of suit herein; and

5. That Defendants be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants hereby demands trial by jury on all issues triable to a jury pursuant to Fed. R. Civ. P. 38.

DATED:   November 6, 2007

_____
Max Moskowitz (MM 5866)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036
Telephone: (212) 382-0700
Email: mmoskowitz@ostrolenk.com

**Attorney for Defendants/Third Party Claimant**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **ANSWER OF DEFENDANTS FILENE'S BASEMENT, INC., RETAIL VENTURES, INC. and NYCAL INC. D/B/A SERENADE TO PLAINTIFF'S COMPLAINT** was served upon counsels for Plaintiff via the court's ECF system on this 8th day of November 2007, addressed as follows:

> Barry Werbin
> Herrick, Feinstein, L.L.P.
> 2 Park Avenue
> New York, NY 10016
> Tel: (212) 592-1418
> Fax: (212) 592-1500
> Email: bwerbin@herrick.com

_____
Max Moskowitz