MAX MOSKOWITZ (MM 5866)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036
Telephone: (212) 382-0700

K. Tom Kohan (CA BAR NO. 225420) (Pro Hac Vice Application Pending)
KOHAN LAW FIRM
445 S. Figueroa Street, 27th Floor
Tel:  310-349-1111
Fax:  213-612-7715
Email:  tom@kohanlawfirm.com

Attorneys for Defendants/Third Party Claimant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MILANO MANHATTAN, LTD.,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>FILENE'S BASEMENT, INC., RETAIL VENTURES, INC. and NYCAL, INC., D/B/A SERENADE,,<br><br>　　　　　Defendants.<br><br>NYCAL, INC., D/B/A SERENADE,<br><br>　　　　　Third Party Claimant<br><br>　　　v.<br><br>PRATO TEXTILE<br><br>　　　　　Third Party Defendant | Civil Action No.:  07 CIV 8011<br><br>THIRD PARTY CLAIM OF NYCAL, INC., D/B/A SERENADE<br><br>[Concurrently Filed with Defendants' Answer] |

For its Third Party Claim against third party defendant PRATO TEXTILE, third party claimant NYCAL, INC., D/B/A SERENADE, alleges as follows:

*{00882234.1}*

1.  This third party complaint is based on Implied Equitable Indemnity and Implied Indemnity and Contribution.

## THE PARTIES

2.  Third party claimant NYCAL, INC. D/B/A SERENADE ("NYCAL" or "Third Party Claimant") is a California corporation with its principle place of business in Los Angeles, California.

3.  Upon information and belief, third-party defendant PRATO TEXTILE ("PRATO" or "Third Party Defendant") is, and at all times herein mentioned was, a business entity form unknown, with its principal place of business in Los Angeles, California.

## JURISDICTION AND VENUE

4.  Jurisdiction of this Court over this third party claim is based upon 28 U.S.C. § 1367(a) and upon Rules 19 and 20 of the Federal Rules of Civil Procedure.

5.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because upon information and belief PRATO may be found in this District, conduct business in this District and/or have substantial contacts with this District.

## FIRST CLAIM FOR RELIEF
### (Implied Equitable Indemnity)

6.  Third Party Claimant hereby incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 5 above.

7.  On or about September 12, 2007, MILANO MANHATTAN, LTD. ("MILANO") filed a complaint for Copyright Infringement and Contributory Copyright Infringement in the above captioned case ("Complaint"), naming, *inter alia*, NYCAL, as defendant.

8. By reason of the Complaint, NYCAL has been required to retain the services of counsel to defend against the claims raised by MILANO. NYCAL has thereby incurred and will incur damages for attorneys' fees and costs.

9. Although NYCAL denies the allegations raised by the Complaint of MILANO, if the allegations set forth in MILANO's Complaint are established as true, then NYCAL is, as matter of equity, entitled to indemnification from PRATO for defending the Complaint and any damages incurred as a result thereof.

10. NYCAL is therefore entitled to a judgment for indemnity against PRATO, and for all attorneys' fees and costs incurred in defending against the Complaint, because such damages will arise, if at all, as a result of the actions of PRATO.

## SECOND CLAIM FOR RELIEF

### (Implied Indemnity and Contribution)

11. Third Party Claimant hereby incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 10 above.

10. Although NYCAL denies the allegations of the Complaint, if the allegations set forth therein are established as true, then the damages, if any suffered by MILANO, resulted in whole or in part from the acts or omissions of PRATO. PRATO should be required to pay a share of the damages that is in proportion to the comparative fault and responsibility of PRATO causing the damages and should be further required to reimburse Third Party Claimant for any payment of damages made by Third Party Claimant in excess of their proportionate share, if any, of the parties' responsibility for damages.

11. Third Party Claimant therefore requests that this court make a determination of the extent of responsibility between Third Party Claimant and Third Party Defendant.

WHEREFORE, Third Party Claimant prays for judgment as follows:

As to the First Cause of Action:

1. For judgment that NYCAL is entitled to indemnity against PRATO for any sum or sums that might be awarded to MILANO;

2. For Third Party Claimant's costs of suit actually incurred, including without limitation, reasonable attorneys' fees, and

3. For such other and further relief as the Court may deem just and proper.

As to the Second Cause of Action:

4. For a determination by this court of the extent of responsibility between Third Party Claimant and Third Party Defendant, for any damages suffered, and further that PRATO be ordered to reimburse Third Party Claimant on the basis of its proportionate share of the responsibility for the injuries and damages suffered by MILANO, if any;

5. For Third Party Claimant's costs of suit actually incurred, including without limitation, reasonable attorneys' fees, and

6. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Third Party Claimant hereby demands trial by jury on all issues triable to a jury pursuant to Fed. R. Civ. P. 38.

DATED:   November 6, 2007

Max Moskowitz (MM 5866)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036
Telephone: (212) 382-0700
Email: mmoskowitz@ostrolenk.com

**Attorney for Defendants/Third Party Claimant**

{00882234.1}

4

I. **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **THIRD PARTY CLAIM OF NYCAL, INC., D/B/A SERENADE** was served upon counsels for Plaintiff via the court's ECF system on this 8th day of November 2007, addressed as follows:

> Barry Werbin
> Herrick, Feinstein, L.L.P.
> 2 Park Avenue
> New York, NY 10016
> Tel: (212) 592-1418
> Fax: (212) 592-1500
> Email: bwerbin@herrick.com

_____
Max Moskowitz

{00882234.1}

5